UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARACELI MARTÍNEZ-OLGUÍN,[1]<br><br>　　　　Defendant. | Case No. 25-cv-00967-AMO (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND TERMINATING PENDING MOTION AS MOOT**<br><br>Re: Dkt. No. 5 |

　　　This is a closed action filed by Lacey Sivak, an Idaho state prisoner and frequent litigant, who is representing himself. Before the Court is Sivak's filing entitled, "Petition to Proceed Without Cost Based on Imminent Danger," which will be construed as a motion for reconsideration of the Court's dismissal of this action pursuant to 28 U.S.C. § 1915(g). Dkt. 5.

　　　Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Because Sivak's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

　　　Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

---

[1] Sivak incorrectly spelled the undersigned judge's first name and abbreviated her last name as "Areceli M. Olguin." Case No. 25-cv-00967-AMO (PR), Dkt. 1 at 1. The undersigned's full name is Araceli Martínez-Olguín.

"Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Sivak's allegations in his motion that merits reconsideration. Sivak seems to be challenging the Court's dismissal of this action pursuant to section 1915(g) by alleging that he meets the imminent danger exception. Dkt. 5 at 1. However, the plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* at 1053 n.5 (finding that post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis). Furthermore, the undersigned previously rejected this very issue when denying Sivak's request for leave to proceed *in forma pauperis* ("IFP") in similar actions filed against the undersigned, stating as follows:

> In many of the above-captioned actions, Sivak has requested leave to proceed [IFP]. However, since May 2024, the undersigned has disqualified Sivak from proceeding IFP under 28 U.S.C. § 1915(g) and issued numerous orders dismissing him as a three-striker pursuant to section 1915(g) in more than 200 different cases in the Northern District of California. *See* 28 U.S.C. § 1915(g). A nationwide federal court search on the Public Access To Court Electronic Records or PACER database returns hundreds of results for lawsuits in his name. The Ninth Circuit and the District of Idaho have also previously found him to be a three-striker. *See* Ninth Circuit Case No. 23-35190, Dkt. 8 (June 2, 2023) (citing *Sivak v. Winmill*, No. 1: 02-cv-00353 (D.

2

Idaho Oct. 17, 2002) (dismissed for failure to state claim); *Sivak v. Nye*, No. 21-35760 (9th Cir. Nov. 8, 2021) (dismissed as frivolous); *Sivak v. Duggan*, No. 21-35356 (9th Cir. Jan. 21, 2022) (dismissed as frivolous)).  Because Sivak has had at least three cases dismissed that count as "strikes," pursuant to section 1915(g), he may not proceed IFP in the above-captioned actions unless he demonstrates that he is "under imminent danger of serious physical injury" at the time he filed the petitions in each action.  *See* 28 U.S.C. § 1915(g).  The allegations in the above-captioned actions do not show that Sivak was in imminent danger at the time of filing.  Therefore, he may not proceed IFP, and his motions for leave to proceed IFP are **DENIED**.

Moreover, even if an IFP application were granted, his lawsuits would be barred under *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (finding that federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in performance of their duties).  To the extent Sivak disagrees with the undersigned judge's disposition of his applications to proceed IFP, he may appeal to the Ninth Circuit as circumstances warrant. He may not seek review by another judge in the District. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Mullis*, 828 F.2d at 1392-93 (finding that "horizontal appeal" from one district court to another improper and "district court lacks authority to issue a writ of mandamus to another district court"). In addition, the undersigned judge is absolutely immune from civil claims for damages alleged in connection with actions taken in her judicial capacity. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

*See, e.g.*, Dkt. 2 at 2-3.  Thus, the Court finds that Sivak's allegations present no grounds that warrant reconsideration.  Therefore, the Court reaffirms its dismissal of his action pursuant to section 1915(g).  Accordingly, Sivak's motion for reconsideration is **DENIED**.  Dkt. 5.

Sivak may not continue filing documents in this closed case.  **ANY FURTHER MOTIONS FILED BY SIVAK IN THIS CLOSED CASE NOT SPECIFICALLY PERMITTED BY LAW TO BE FILED IN CLOSED CASES, WILL NOT BE CONSIDERED BY THE COURT AND WILL BE STRIKEN FROM THE DOCKET.**

This Order terminates Docket No. 5.

**IT IS SO ORDERED.**

Dated:   December 1, 2025

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge